UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO LIRA, | No. C 07-1447 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

## INTRODUCTION

Ernesto Lira, currently a prisoner at a prison in Atwater, California, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants have moved to dismiss on the ground that Lira failed to exhaust administrative remedies before filing the action. Lira has not opposed the motion. The action will be dismissed because administrative remedies were not exhausted for any claim before the action was filed.

## BACKGROUND

Lira filed this civil rights action on March 13, 2007 concerning events that occurred in January - April 2004, while he was incarcerated at Pelican Bay State Prison. His complaint alleged that he was falsely accused of secreting a razor blade in his rectum after showering, was put in a contraband watch cell for three days until he had three bowel movements without excreting the razor, was denied due process in connection with disciplinary proceedings, and was

1  subjected to some kind of disciplinary housing thereafter and lost time credits. He also alleged
2  that he was charged with the crime of possession of a deadly weapon, but was acquitted and then
3  released from prison the day after his acquittal. By the time he filed the complaint, Lira was
4  back in prison. (The allegations of the complaint are described in more detail in the order of
5  service.)

6  The court determined that the complaint stated two cognizable claims. First, the
7  complaint stated a cognizable claim that Lira's right to due process was violated based on the
8  false charge that he was in possession of a deadly weapon in light of his additional allegation
9  that there was a procedural impropriety in the disciplinary hearing. Order of Service, p. 4.
10 Second, the complaint stated a cognizable claim for an Eighth Amendment violation based on
11 his 3-day detention in the allegedly filthy contraband-watch cell. Id. at 5.

12 The complaint presented confusing information about exhaustion of administrative
13 remedies. Lira checked both the "yes" and "no" boxes in response to the question of whether
14 he presented the facts in his complaint for review through the grievance procedure. Complaint,
15 p. 1. Lira alleged in his complaint that he had exhausted administrative remedies in inmate
16 appeal log # 04-00286, and that it was denied but never returned to him. Complaint, p. 2. He
17 also alleged that the acquittal in state court of the criminal charge and consequent release from
18 the SHU "constituted the granting in totality of [his] appeal." Id.

19 Defendants presented a copy of inmate appeal log # PBSP-04-00286 (i.e., the inmate
20 appeal identified by Lira in his complaint) in support of their motion to dismiss. That inmate
21 appeal concerned a January 21, 2004 memorandum that approved certain security precautions
22 to be used upon Lira's release from contraband watch – namely, he was to be placed in a capped
23 Lexan-fronted cell, and escorted by two officers whenever out of his cell.[1] Inmate appeal # 04-
24 00286 did not address the condition of the contraband watch cell. It also did not mention the due

---

[1] Lexan is a plexiglass-type material, a sheet of which is placed on the front of the cell to prevent the inmate in the cell from launching projectiles at bypassers. A "capped" cell is one in which the fire suppression sprinkler has been removed. This is done for an inmate who poses a risk of damaging the sprinkler. No electronics are allowed and property restrictions are more severe because of the increased fire risk in a capped cell.

2

process violation Lira alleged in the complaint (although it does state that he did not receive due process in connection with the issuance of the January 21 memorandum).[2] There was not a director's level decision on inmate appeal # 04-00286. There also was no evidence of any other inmate appeal concerning the matters alleged in the complaint.

## DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Woodford v. Ngo, 548 US. 81, 85-86 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. at 94.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by

---

[2] The inmate appeal was written on January 26, 2004, a week before the CDC-115 that is the subject of the civil rights complaint was served on Lira.

3

way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

The exhaustion statute's plain language shows that it applies to this action, as Lira's complaint is "brought with respect to prison conditions" and he was, at the time of filing, "a prisoner confined in . . . prison," 42 U.S.C. § 1997e(a), even though he was out of custody for some time between the acts complained of and the filing of this action. Lira did not exhaust the administrative remedies available to him. His one inmate appeal identified in his complaint did not exhaust either his claim about the fabricated charge regarding the razor and related disciplinary charge, or his claim about the conditions of the contraband watch cell. Even if the grievance he did file had covered the matters alleged in the complaint, he never received a director's level decision as required to complete the administrative grievance procedure in California. Lira's acquittal on the state court criminal charge is inconsequential to the exhaustion question because a state court action is not part of the inmate appeal system made available for California prisoners.

Defendants have carried their burden to prove that Lira did not satisfy the exhaustion requirement with regard to any of the claims in the complaint. The action must be dismissed without prejudice.

## CONCLUSION

Defendants' motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies for any of the claims in the complaint before filing this action. (Docket # 18.) This action is dismissed without prejudice.

4

1   Defendants' motion for a 30-day extension of time to file their motion to dismiss is
2   GRANTED. (Docket # 14.) The motion filed on October 18, 2007 is considered timely filed.
3   The clerk shall close the file.
4   IT IS SO ORDERED.

Dated: July 16 2008

_____
SUSAN ILLSTON
United States District Judge